**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-CR-085(14) |
| Plaintiff, | : | |
| v. | : | JUDGE McFARLAND |
| JULIE WETZEL, | : | |
| Defendant. | : | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR BOND** |

The defendant, Julie Wetzel, sold drugs for Ryan Haskamp's drug trafficking organization. She has active warrants, a history of drug abuse, a history of failing to appear for court, and attempted to escape custody in this case. She is charged with a drug conspiracy and possessing controlled substances with the intent to distribute. If convicted, she faces the possibility of a mandatory ten years in prison. On this record, the Magistrate Judge ordered Wetzel detained pending trial.

Wetzel asks the Court to revisit the issue of detention, arguing that she should be released to live with her father because she suffers from a pain condition. (R. 252, Motion for Reconsideration of Bond.) Because Wetzel presents a risk of flight and is a danger to the community, there are no conditions or combination of conditions that would reasonably assure her appearance and the safety of the community. The Court should deny her motion.

**FACTUAL AND PROCEDURAL HISTORY**

Wetzel was charged in the Superseding Indictment and Second Superseding Indictment with conspiring to possess with intent to distribute and distribute 500 grams or more of methamphetamine, 10 grams or more of LSD, 500 grams or more of cocaine, MDMA, DMT, ketamine, and marijuana from July 1, 2020, through December 3, 2020, all in violation of 21

U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), and 846. (R. 32, Superseding Indictment.) For this charge, Wetzel is facing substantial penalties, including a mandatory minimum sentence of ten years in prison up to life. She is also charged with two counts of possession with intent to distribute a controlled substance, which carry a sentence of up to 20 years in prison. (R. 163, Second Superseding Indictment.)

The allegations underlying the charged conspiracy involve a drug trafficking operation (DTO) headed by co-defendant Ryan Haskamp. In August 2020, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and the Drug Enforcement Administration (DEA) were investigating Haskamp and co-defendant Mason Meyer for trafficking in drugs and guns. Through investigation, ATF and DEA learned that Meyer was giving Haskamp guns in exchange for drugs. On August 7, 2020, Meyer fled from police and killed two pedestrians during a high-speed chase. Meyer had several firearms and methamphetamine in the car he was driving.

During their investigation, federal agents obtained Title III wiretaps on two of Haskamp's cell phones. During the wiretap, agents intercepted communications between Haskamp and Wetzel. The intercepted communications showed that Haskamp was supplying Wetzel with drugs and she was in turn distributing those drugs to her customers. On December 3, 2020, agents executed a search warrant at Wetzel's residence and recovered cocaine, ketamine, LSD, two digital scales, a gun box with a magazine, and more than $4,000 in U.S. Currency, all consistent with drug trafficking. Wetzel was home during the search and consented to a search of her cell phone. On her phone, agents found several incriminating text messages about her drug dealing with Haskamp.

On April 23, 2021, Wetzel made her initial appearance before the Honorable Magistrate Judge Litkovitz. The government moved for detention and the Court held a detention hearing on

April 27, 2021. After hearing argument from the parties, the Court ordered Wetzel detained pending trial because Wetzel's release would pose a risk of nonappearance. (R. 114, Detention Order.) The Court found the following:

> [T]he defendant has committed the instant alleged offense while under court-ordered supervision; is subject to a lengthy period of incarceration if convicted; is addicted to or abuses mood-altering chemicals and is likely to continue such conduct and violate the law or conditions of bond if released; has provided information that conflicts with the information provided by a third party contact; and has mental health issues which likely contributed to her attempt to escape from the U.S. Marshal's custody during transport to the local jail; and the conditions which restrict the defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment or treatment; or monitor the defendant's movement or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

(*Id.*)

Wetzel now asks the Court to reconsider her detention. (R. 252, Motion for Reconsideration of Bond.) She explains to the Court that if released she can live with her father and argues her father is familiar with her mental health issues. (*Id.*) She also claims that she believes she suffers from Complex Regional Pain Syndrome (CRPS) but provides no medical records diagnosing her with that condition. Importantly, Wetzel's motion does not address how conditions of release would now mitigate the risk of nonappearance described by the Court in its Detention Order. Because there are no conditions or combination of conditions that would assure Wetzel's appearance for court proceedings and because she is a danger to the community, the government opposes her motion.

## **LEGAL STANDARD**

The Court reviews the Magistrate's Order *de novo*. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1130 (S.D. Ohio 2000). "[M]eaningful de novo review means that the district court

should engage in the same analysis, with the same options, under § 3142 as the magistrate judge." *Id.*

When evaluating whether a defendant may be released pending trial, courts must examine whether the defendant presents a risk of flight or a danger to the community. *See* 18 U.S.C. § 3142. Where a defendant has been charged with an offense under the Controlled Substances Act, which carries a maximum term of imprisonment of ten years or more, a rebuttable presumption arises that there are no condition or combination of conditions that would reasonably assure the appearance of such person as required and the safety of the community. 18 U.S.C. § 3142(d)(3)(A). A "presumption in favor of detention imposes only a 'burden of production' on the defendant, and the government retains the 'burden of persuasion.'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). "Even when a defendant satisfies his burden of production, however, 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.'" *Id.* (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)).

Section 3142(g) sets out the factors the Court should consider in making a determination on detention: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's physical and mental condition; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. The weight of the evidence against the person "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010) (citing *United States v. Hazime*, 762 F.2d 34, 36 (6th Cir. 1985)).

4

**ARGUMENT**

**A.  The 18 U.S.C. § 3142(g) factors weigh in favor of detention.**

The 18 U.S.C. § 3142(g) factors establish that Wetzel is a risk of flight and a danger to the community. The nature and circumstances of the instant offense weigh in favor of detention. The government alleges that Wetzel sold drugs on behalf of a dangerous DTO. Wiretap interceptions showed that Wetzel purchased cocaine and ketamine from Haskamp and that she intended to distribute those drugs to others. For her role in the DTO, Wetzel is charged with serious crimes which carry significant penalties if she is convicted. The nature and circumstances of the instant offense establish Wetzel is a danger to the community. Drug trafficking is a serious offense and poses a danger to the community.  *See e.g. United States v. Glasgow*, No. 1:20-cr-27-7, 2021 WL 2403136, at *6-7 (D.D.C. June 11, 2021) (noting that conspiring to sell drugs is a danger to the community).

Wetzel's history and characteristics further support her continued detention. Although limited, Wetzel does have criminal history. Importantly, Wetzel was under active supervision in her felony drug case when she committed the crimes alleged here. Further, she has failed to appear, has active arrest warrants, and has ties to Texas and Florida. Perhaps most indicative of risk of flight, Wetzel tried to escape the custody of the U.S. Marshals. These facts establish that if released, Wetzel presents a serious risk of nonappearance. Moreover, Wetzel has significant mental health concerns, a history of substance abuse, and provided conflicting information to Pretrial Services – all of which show she is a flight risk and poses a danger to the community. Wetzel's history and characteristics weigh in favor of detention.

The weight of the evidence and the nature and seriousness of the danger weigh in favor of detention. The weight of the evidence as to risk of flight and danger to the community is strong.

As described above, Wetzel has already attempted to escape custody, suffers from substance abuse and mental health issues, and committed this offense while under court supervision. The weight of the evidence as to dangerous is equally strong, given the nature of her drug trafficking. Likewise, the nature and seriousness of the danger to any person and the community supports detention. Drug trafficking is dangerous and puts the community at serious risk. These two factors support a detention finding.

### B. Wetzel's alleged medical condition does not justify release, especially where a COVID-19 vaccine is available.

Wetzel also contends that she should be released because of her medical condition, stating that because of COVID-19, jail is a dangerous place for someone with her condition. (R. 252, Motion for Reconsideration of Bond.) This argument is without merit. First, Wetzel provides no evidence of a COVID-19 outbreak at the detention facility. To date, the Butler County Jail has taken significant steps to stop the spread of COVID-19 in the facility.

Even assuming Wetzel does have medical condition related to her pain, she cannot establish her underlying medical condition places her at serious risk for severe illness if she contracts COVID-19. The CDC does not list CRPS as an illness that places an individual at high risk for severe illness.

Furthermore, Wetzel fails to account for the availability of the COVID-19 vaccine to protect against severe illness. The COVID-19 vaccine is available to all detainees at the Butler County Jail, which substantially lessens any risk presented by COVID-19. As the Sixth Circuit recently held in the context of compassionate release motions, "a defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason'" for a sentence reduction. *United States v. Lemons*, No. 21-5313, 2021 WL 4699249, at *3 (6th Cir. Oct. 8, 2021). The same is true here,

where Wetzel presents no evidence that she is at increased risk of complications from COVID-19, particularly given the availability of the vaccine.

## CONCLUSION

For the reasons stated above, the government respectfully requests the Court deny Wetzel's motion.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/Ashley N. Brucato*
ASHLEY N. BRUCATO (0090989)
JENNIFER K. WEINHOLD (KY 93304)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Ashley.Brucato@usdoj.gov