IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:20-cr-85(14) |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| JULIE RENAE WETZEL (14), | : | |
| | : | |
| Defendant. | : | |

**ORDER DENYING MOTION FOR BOND RECONSIDERATION (DOC. 252)**

This matter is before the Court on Defendant Julie Renae Wetzel's Motion for Bond (Doc. 252). Defendant has been indicted on multiple charges, including conspiring to possess with intent to distribute and distribution of 500 grams or more of methamphetamine, 10 grams or more of LSD, 500 grams or more of cocaine, MDMA, DMT, ketamine, and marijuana from July 1, 2020 through December 3, 2020. On May 4, 2021, Magistrate Judge Stephanie K. Bowman held a detention hearing and ordered Defendant detained pending trial. Defendant now asks the Court to release her from custody on bond. For the reasons below, her motion is **DENIED**.

## ANALYSIS

Per 18 U.S.C. § 3145(b), a person ordered detained pending trial by a magistrate judge "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The Court reviews the magistrate judge's detention order *de novo*. *See United States v. Yamini*, 91 F. Supp. 2d 1125, 1127-30 (S.D. Ohio

2000).

Generally, the default position in any criminal matter is that the defendant should be released pending trial. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). However, under certain circumstances applicable here (because Wetzel has been indicted by a grand jury with a violation of the Controlled Substances Act for which there is a mandatory minimum sentence of ten years), a rebuttable presumption exists that there is no condition or set of conditions that will reasonably assure the defendant's appearance at trial. *See* 18 U.S.C.A. § 3142(e)(3)(A); *See Stone*, 608 F.3d at 945. Thus, there is a presumption in favor of pretrial detention. *Id.* Such presumption imposes a burden of production, requiring the defendant to "come[] forward with evidence that he does not pose a danger to the community or a risk of flight." *Id.* The defendant can overcome this presumption by producing some evidence to show that she does not pose a danger to the community and is not a flight risk, and the Government retains the ultimate burden of persuasion to show that no conditions of release can assure the defendant will appear and to assure the safety of the community. *Id.* at 945-46.

To that end, courts consider four factors in analyzing whether pretrial release is appropriate: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the defendant's danger to any person or community if released. *Stone*, 608 F.3d at 946; 18 U.S.C.A. § 3142(g). In cases "involving multiple defendants who are not necessarily similarly situated, the dangerousness inquiry must be an individualized one." *Id.* at 945.

The Court is unpersuaded that Wetzel likely satisfied her burden of production to rebut the presumption of pretrial detention by solely providing medical records from 2017. However, even if Wetzel satisfied her burden, for the reasons that follow, the factors weigh in favor of pretrial detention.

First, the Government alleges that Wetzel sold drugs on behalf of a dangerous drug trafficking organization. Wetzel is linked to the sale of multiple controlled substances, including methamphetamine, LSD, cocaine, MDMA, DMT, ketamine, and marijuana. In fact, Wetzel was allegedly supplied drugs by Defendant Ryan Haskamp to distribute herself. Additionally, the charges Wetzel faces carry significant penalties, including multiple years of imprisonment, if she is convicted. Thus, the nature and circumstances of the charges weigh in favor of pretrial detention.

Second, the weight of the evidence against Wetzel is substantial. The Government alleges that, when federal agents wiretapped Haskamps's cell phones, the agents intercepted communication that showed that Haskamp was supplying Wetzel with drugs for her to distribute. When agents executed a search warrant of Wetzel's residence, the agents recovered cocaine, ketamine, LSD, two digital scales, a gun box with a magazine, and thousand of dollars in cash, all of which are consistent with drug trafficking. Additionally, during a search of Wetzel's cell phone, the agents found incriminating text messages regarding her drug dealing. Thus, the weight of the evidence against Wetzel weighs in favor of pretrial detention.

Third, Wetzel's history and characteristics weigh in favor of pretrial detention. Wetzel has a criminal history. In January of 2020, Wetzel was arrested for multiple

crimes, including a felony aggravated possession of drugs charge. (Pretrial Service Report as to Julie Wetzel, Doc. 112, Pg. ID 368.) It was during the course of such criminal proceedings that Wetzel was allegedly distributing the drugs that lead to the charges before the Court today. (*Id.*) Additionally, Wetzel has a history of substance abuse and mental health concerns. (*Id.*) Also, the United States Marshal's Office informed Pretrial Services that Wetzel attempted to escape custody when being transported from the courthouse to the local jail pending her initial detention hearing. (*Id.*) Thus, Wetzel's history and characteristics weigh in favor of pretrial detention.

Lastly, drug trafficking is a serious offense that puts the community in danger. While under court supervision, Wetzel allegedly distributed large quantities of multiple different drugs. It is clear to the Court that such conduct could be repeated. Thus, because Wetzel is a potential danger the community at large, the fourth factor weighs in favor of pretrial detention.

## CONCLUSION

For the above reasons, Defendant Julie Renae Wetzel's Motion for Bond (Doc. 252) is hereby **DENIED**. Ms. Wetzel shall remain detained pending trial in this matter.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

4